# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO, | 1:08-cv-00765-SMS-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR REMAND |
| v. | (Docs. 7, 11.) |
| R. KEVORKIAN, et al., | |
| Defendants. | |

**I.   RELEVANT PROCEDURAL HISTORY**

Emelito Exmundo ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the Fresno County Superior Court on April 11, 2008. (Case Number 08-CE-CG-01360-AMC.) The action was removed to federal court by defendant Kevorkian and received on June 3, 2008. (Doc. 1.) On June 18, 2008 and July 7, 2008, plaintiff filed a request for the court to remand this action to the Fresno County Superior Court. (Docs. 7, 11.) Defendant has not filed an opposition or any other response to the request. Under 28 U.S.C. § 636(c), this action has been assigned to Magistrate Judge Sandra M. Snyder to conduct all proceedings, including entry of judgment.[1]

---

[1] Plaintiff filed consent to Magistrate Jurisdiction on June 18, 2008. (Doc. 6.) Defendant Kevorkian filed consent to Magistrate Jurisdiction on June 12, 2008. (Doc. 5.) To date, defendant CDCR has not made an appearance in this action.

1

## II.     REMOVAL

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied, 421 U.S. 937 (1975).  However, under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Defendant is required to file a copy of the notice of removal with the clerk of the state court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. §1447(d).  The state court may resume jurisdiction only if and when the case is remanded by the federal court.  Allstate Ins. v. Sup. Ct. 132 CA3d 670, 676 (1982).

## III.    DISCUSSION

Plaintiff acknowledges that the original complaint he filed on April 11, 2008 at the Fresno County Superior Court contained federal constitutional claims, such that it properly satisfies the requirements for federal subject matter jurisdiction under 28 U.S.C. § 1331 and therefore was properly removed to federal court.  However, plaintiff claims that he filed an amended complaint at superior court on June 12, 2008 which "removed the alleged violation of civil rights under the United States Constitution from Case No 08CECG01360AMC." (Doc. 7 at

1:19-20).² Plaintiff maintains that the amended complaint "nullifies this court's original jurisdiction under 28 U.S.C. §1331 and voided the removal." Plaintiff also argues that because the state action is pending, the federal court cannot hear the action, because two courts cannot have jurisdiction at the same time.

Plaintiff's argument fails because defendant's notice of removal caused the superior court to lose jurisdiction, and the filing of an amended complaint in superior court does not cause jurisdiction to resume. The determination of proper removal rests upon the nature of plaintiff's complaint presently filed at federal court. <u>Gully</u>, 299 U.S. at 112. As noted above, plaintiff acknowledges that the present complaint contains federal constitutional claims and therefore was properly removed to federal court. The court has reviewed the complaint and concurs with plaintiff's conclusion. Therefore, plaintiff's request for remand shall be denied.

**IV.    ORDER**

Based on the foregoing, the court HEREBY ORDERS that plaintiff's request for remand is DENIED.

IT IS SO ORDERED.

**Dated:   October 17, 2008**              /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE

---

²Although plaintiff states that he attached a copy of the Amended Complaint as " Exhibit 1" to his Notice of Opposition of Removal of Action, the court did not receive such exhibit. Nevertheless, it appears that plaintiff has filed an amended complaint at the Fresno Superior Court in case 08-CE-CG-01360-AMC, the state action which was removed herein.