UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO, | 1:08-cv-00765-SMS-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Docs. 14, 15.) |
| R. KEVORKIAN, et al., | |
| Defendants. | |

**I.   RELEVANT PROCEDURAL HISTORY**

Emelito Exmundo ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the Fresno County Superior Court on April 11, 2008. (Case Number 08-CE-CG-01360-AMC.) The action was removed to federal court by defendant Kevorkian and received on June 3, 2008. (Doc. 1.) On June 3, 2008, defendant filed a motion for the court to screen plaintiff's complaint under 28 U.S.C. § 1915A and grant defendant an extension of time in which to file a responsive pleading. (Doc. 2.) Plaintiff did not file any opposition to defendant's motion, and on July 3, 2008, the court issued an order granting the motion. (Doc. 10.) On July 21, 2008 and August 7, 2008, plaintiff filed a motion for reconsideration of the court's order. (Docs. 14, 15.)

///

///

1

II.   **MOTION FOR RECONSIDERATION**

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  The Local Rules provide that when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

The court granted defendant's motion for screening because the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Plaintiff's complaint meets the requirements for screening because plaintiff is a prisoner and defendant Kevorkian was employed by the California Department of Corrections and Rehabilitation ("CDCR"), a California State entity, when the alleged events occurred.  Because the motion for screening was granted, good cause appeared to grant defendant additional time to respond to the complaint.

Plaintiff argues that the granting of defendant's motion was premature because defendant had only removed the action on June 3, 2008. Plaintiff also argues that the extension of time should not be granted because defendants already had 83 days and unlimited resources to prepare a response to the complaint, and because the delay violates plaintiff's right to a speedy trial. Plaintiff also argues that defendant's request for extension of time was not in compliance with Local Rule 6-144.

Plaintiff has not presented any new or different facts or circumstances claimed to exist which did not exist or were not shown at the time the court granted defendant's motion. Plaintiff has not offered any evidence to support his argument that defendant's motion for extension of time did not comply with Local Rules or that the granting of defendant's motion was premature. Plaintiff's argument that his right to a speedy trial has been violated fails because plaintiff filed a civil action and the Speedy Trial Act of 1974 applies only to criminal actions. 18 U.S.C. §§ 3161-3174.   The fact remains that the federal court is required under 28 U.S.C. § 1915A(a) to

///

screen plaintiff's complaint, no matter how many days have passed.    Therefore, plaintiff's motion for reconsideration must be denied.

### III.     ORDER

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:     October 17, 2008**                              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE