# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO, | 1:08-cv-00765-SMS-PC |
| Plaintiff, | |
| v. | ORDER RESOLVING PLAINTIFF'S REQUEST FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION |
| R. KEVORKIAN, et al., | (Doc. 9.) |
| Defendants. | |

Emelito Exmundo ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 636(c), this action has been assigned to Magistrate Judge Sandra M. Snyder to conduct all further proceedings.[1]

## I.    RELEVANT PROCEDURAL HISTORY

Plaintiff filed the instant action at the Fresno County Superior Court on April 11, 2008. (Case Number 08-CE-CG-01360-AMC.) The action was removed to the federal court by defendant Kevorkian and received at this court on June 3, 2008. (Doc. 1.) On June 18, 2008 and July 7, 2008, plaintiff filed a request for the court to remand this action to the Fresno County Superior Court. (Docs. 7, 11.) On October 20, 2008, the court denied plaintiff's request to

---

[1] Plaintiff filed consent to Magistrate Jurisdiction on June 18, 2008. (Doc. 6.) Defendant Kevorkian filed consent to Magistrate Jurisdiction on June 12, 2008. (Doc. 5.) To date, defendant CDCR has not made an appearance in this action.

remand this action, on the ground that it contains federal constitutional claims, such that it properly satisfies the requirements for federal subject matter jurisdiction under 28 U.S.C. § 1331. (Doc. 19.)

## II.   ORIGINAL JURISDICTION

Under 28 U.S.C. § 1331, district courts exercise original jurisdiction over civil actions arising under the Constitution, laws, and treaties of the United States. In the court's order filed October 20, 2008, the court found that this action contains federal constitutional claims, such that it properly satisfies the requirements for federal subject matter jurisdiction under 18 U.S.C. § 1331. (Doc. 19.) Therefore, this court has original jurisdiction over plaintiff's federal constitutional claims.

## III.   SUPPLEMENTAL JURISDICTION

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

Under 28 U.S.C. § 1367(c), "[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff requests the court to exercise supplemental jurisdiction in this action over his state law claims under 28 U.S.C. § 1367. Because the court has original jurisdiction over plaintiff's federal constitutional claims, the court now has supplemental jurisdiction over any of

plaintiff's state claims which form part of the same case or controversy under Article III at issue in plaintiff's federal claims.  However, should good cause arise under § 1367(c), the court retains discretion to decline to exercise supplemental jurisdiction over plaintiff's state law claims at a later stage of these proceedings.

### IV.   CONCLUSION

Based on the foregoing, plaintiff's request for the court to exercise supplemental jurisdiction is HEREBY RESOLVED.

IT IS SO ORDERED.

**Dated:   February 12, 2009**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE