# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO,<br><br>            Plaintiff,<br><br>     v.<br><br>R. KEVORKIAN,<br><br>            Defendant. | CASE NO. 1:08-cv-00765-SMS  PC<br><br>ORDER DISMISSING ACTION<br>WITH PREJUDICE FOR<br>FAILURE TO STATE A CLAIM<br><br>(Doc. 25) |

### Screening Order

Plaintiff Emelito Exmundo, a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 and California state law, has submitted an amended complaint in response to this court's previous order dismissing his complaint with leave to amend. Defendant Kevorkian removed this case from the Superior Court of California, County of Fresno, on June 3, 2008. Both parties have consented to jurisdiction of a U.S. Magistrate Judge.

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).
3       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506,
5  512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the
6  claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement
7  must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon
8  which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but
9  "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory
10 statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing*
11 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient
12 factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at
13 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal
14 conclusions are not. *Iqbal*, 129 S.Ct. at 1949.
15     Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief
16 above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set
17 forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions,
18 and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation*
19 *marks and citations omitted*).
20 **II.     Plaintiff's Claim**
21     **A.     Summary of Complaint**
22     Plaintiff, who is incarcerated at Pleasant Valley State Prison ("PVSP"), filed this action in
23 California state court against defendant, R. Kevorkian, a law librarian at PVSP, alleging that
24 defendant violated plaintiff's constitutional right of access to the courts in three cases:
25 (1) *Exmundo v. Scribner* (1:06-cv-00205-AWI-GSA-PC); (2) *Exmundo v. Tilton* (1:07-cv-01711-
26 LJO-SMS-PC); and (3) *Exmundo v. Adams* (1:07-cv-01714-LJO-SMS-PC). In each case,
27 defendant followed a pattern of harassing behavior, such as supplying legal paper only five sheets
28 at a time, refusing to provide necessary legal forms, refusing to provide complete copies of

pleadings and legal documents or refusing to provide as many copies of pleadings or documents as were necessary, and unduly delaying copying. Although defendant should have been well aware of the numbers of copies necessary for filing and service, he repeatedly refused to provide plaintiff with the numbers of documents indicated as required in correspondence from the courts and sheriff's departments.

As a result, plaintiff repeatedly had to request extensions to file documents and incurred additional postage costs to transmit documents. In *Exmundo v. Adams*, plaintiff contends that defendant's behavior delayed plaintiff's attempt to amend his state pleadings to prevent defendants from removing them to federal court.

### B. Denial of access to court

Plaintiff's allegations do not support a constitutional claim for denial of access to the courts. Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *overruled in part on other grounds by Lewis*, 518 U.S. at 354; *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995)(discussing right to court access in the context of prison grievance procedures); *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990)(per curiam).

The right to court access is nothing more than an inmate's right to present a grievance to the court, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 353 n. 3, 354-55; *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003); *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999). The right to court access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Madrid*, 190 F.3d at 995. The right to court access "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356-57. Prison officials may select the best method to ensure that prisoners will have the capability to file suit. *Id.* at 356.

///

The right of access to the courts is only a right to bring complaints to the federal court and not a right to litigate them effectively once they have been filed with the court. *See Lewis*, 518 U.S. at 354-55; *Madrid*, 190 F.3d at 995; *Cornett v. Donovan*, 51 F.3d 894, 898 (1995), *cert. denied sub nom Henry v. Caballero*, 518 U.S. 1033 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Inmates have no right to law libraries or legal assistance. *Id.* at 351. Without "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* Rather, an inmate claiming interference with or denial of access to the courts must demonstrate that he suffered actual injury. *Id.*

To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and cannot be waived. *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis,* 518 U.S. at 348 (*citation and internal quotations omitted*); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (holding that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials); *Madrid*, 190 F.3d at 996. Delays in providing materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362.

Plaintiff has alleged no facts that demonstrate that he suffered an actual injury. All three cases proceed intact despite plaintiff's need to secure extensions of filing deadlines. That plaintiff was not able to litigate his action as effectively or efficiently as he desired does not constitute an access claim. Whether of not quicker and more accurate service could have enable plaintiff to maintain *Exmundo v. Adams* in state court is a matter of speculation. In any event, the inability to thwart the defendants constitutes litigation strategy, the manner in which a case is maintained after it has been brought to court, not denial of access. That plaintiff would have preferred not to

request extensions or believes that he might have been able to amend his state suit to prevent removal to federal court relates not to court access but to plaintiff's ability to litigate his case effectively once filed.  The Supreme Court has clearly established that inmates do not have a constitutionally protected right to litigate effectively.   *Lewis*, 518 U.S. at 354.

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law.  Because amending the complaint will not cure the deficiency, the court will dismiss this action, with prejudice, for failure to state a claim.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that plaintiff's complaint is dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    October 22, 2009**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE