1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11 | EMELITO EXMUNDO,                          1:08-cv-00765-SMS-PC

12 |                Plaintiff,        ORDER DENYING PLAINTIFF'S MOTION TO
                                       ALTER OR AMEND JUDGMENT
13 |        v.                           (Doc. 28.)

14 | R. KEVORKIAN, et al.,

15
                     Defendants.
16
17 | _____/

18 | **I.    BACKGROUND**

19 |         Emelito Exmundo ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

20 | pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action at the Fresno County

21 | Superior Court on April 11, 2008.  The action was removed to federal court by defendant Kevorkian

22 | and was received at this Court on June 3, 2008. (Doc. 1.)  The parties consented to Magistrate Judge

23 | jurisdiction, and under 28 U.S.C. § 636(c), this action was assigned to the undersigned to conduct

24 | all proceedings, including entry of judgment.

25 |         On June 18, 2008, Plaintiff filed a notice of opposition to the removal of this action.  (Doc.

26 | 7.)  On July 7, 2008, Plaintiff filed a motion to remand the case back to the superior court.  (Doc.

27 | 11.)  On October 20, 2008, the court denied Plaintiff's motion to remand.  (Doc. 19.)  On July 28,

28 | 2009, after screening the complaint pursuant to 28 U.S.C. § 1915A, the court dismissed the

1

1  complaint for failure to state a claim, with leave to file an amended complaint within thirty days.

2  (Doc. 22.)  On October 16, 2009, Plaintiff filed an amended complaint.  (Doc. 25.)  On October 22,

3  2009, the court dismissed the amended complaint with prejudice, for failure to state a claim, and

4  judgment was entered.  (Docs. 26, 27.)

5      On November 25, 2009, Plaintiff filed a motion for the court to alter or amend the judgment.

6  (Doc. 28.)  Plaintiff's motion is now before the court.

7  **II.    PLAINTIFF'S MOTION**

8      Plaintiff brings a motion for the court to vacate the judgment in this action and remand the

9  case back to the Fresno County Superior Court.  Plaintiff explains that when he filed the first

10 amended complaint, he eliminated all federal claims so that the court would remand the action back

11 to the state court. Plaintiff also attempted to file an amended complaint at the superior court, without

12 success, after the case had been removed.  Plaintiff argues that because an amended complaint

13 supercedes the original complaint, and he filed an amended complaint containing only state claims,

14 the court should have remanded the action instead of dismissing it for failure to state a claim.

15          ***Requirement for Court to Dismiss Complaint***

16     The court is required to screen complaints brought by prisoners seeking relief against a

17 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

18 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

19 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

20 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

21 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

22 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

23 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

24          ***Right to Remove or Remand***

25     The right to remove depends on plaintiff's pleading at the time of the petition for removal.

26 Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939).  Jurisdiction over a removed action must be

27 analyzed on the basis of pleadings filed at the time of the removal without reference to subsequent

28 amendments. Sparta Surgical Corporation v. National Association of Securities Dealers, Inc., 159

1  F.3d 1209, 1213 (9th Cir. 1998).  Moreover, a district court can consider whether the plaintiff has

2  engaged in any manipulative tactics when it decides whether to remand a case.  Carnegie-Mellon

3  University v. Cohill, 484 U.S. 343, 357 (1988).  Thus, the district court can guard against forum

4  manipulation if a plaintiff whose suit has been removed to federal court deletes all federal-law claims

5  from the complaint and requests that the district court remand the case.  Id.

6      The Court finds no grounds to alter or amend the judgment in this action.  In denying

7  Plaintiff's motion to remand this action, the Court appropriately analyzed the motion on the basis of

8  the complaint filed at the time of the removal.  See Doc. 19.  In dismissing Plaintiff's first amended

9  complaint for failure to state a claim, the Court complied with the statutory requirements of 28

10 U.S.C. § 1915A(a), 28 U.S.C. § 1915A(b)(1),(2), and 28 U.S.C. § 1915(e)(2)(B)(ii).  See Docs. 26.

11 27.  Plaintiff admits that he attempted to use tactics to manipulate the forum and cause this action

12 to be remanded to the superior court after it had been properly removed.  Under these facts, Plaintiff's

13 motion must be denied.

**III.     CONCLUSION**

15     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the court to alter or

16 amend the judgment is DENIED.

19 IT IS SO ORDERED.

20 **Dated:    December 14, 2009**          **/s/ Sandra M. Snyder**
                          UNITED STATES MAGISTRATE JUDGE

3